UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AUTUMN COURT OPERATING COMPANY, LLC,** *et al.*,

    **Plaintiffs,**

v.

**HEALTHCARE VENTURES OF OHIO, LLC,** *et al.*,

    **Defendants.**

Civil Action 2:20-cv-4901
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This case arises out of a dispute over funds provided by the U.S. Department of Health and Human Services and the State of Ohio under the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to Defendants, which, until recently, operated the Plaintiff skilled nursing facilities. This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Verified Complaint (ECF No. 51). For the following reasons, Plaintiff's Motion (ECF No. 51) is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs commenced this action in the Court of Common Pleas for Franklin County, Ohio, on September 16, 2020. (Compl., ECF No. 4.) Defendants timely removed the action to this Court on September 18, 2020 (ECF No. 1), and Plaintiffs filed a motion for temporary restraining order on September 21, 2020 (ECF No. 5), which was denied on September 24, 2020 (ECF No. 12). After Plaintiffs amended their Complaint as a matter of right on September 22,

2020 (ECF No. 8) and filed an amended motion for preliminary injunction with leave of Court on September 28, 2020 (ECF No. 21), the Court denied Plaintiff's motion for preliminary injunction on February 1, 2021 (ECF No. 54).  On January 25, 2021, the Preliminary Pretrial Order's deadline for motions to amend the pleadings (ECF No. 37), Plaintiffs filed the present Motion for Leave to File Second Amended Verified Complaint (ECF No. 51).  Defendants filed their memorandum in opposition on February 15, 2021 (ECF No. 57).  Plaintiffs have not filed a reply and their time to do so has now expired.

Plaintiffs' Motion seeks leave to file a Second Amended Complaint in order to assert new claims relating to a second distribution of CARES Act funds received by Defendants. Defendants argue that Plaintiffs could have asserted these new claims at the outset of the case and have not justified their delay, and that Plaintiffs' proposed amendments are futile.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of*

*Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

Plaintiffs seek leave to amend their complaint to add new claims arising out of a second distribution of CARES Act funds received by the Defendants. Plaintiffs argue that Defendants should have turned over the second distribution to Plaintiffs, or at the very least, should have notified Plaintiffs of the distribution under the parties' Sublease. (Mot. 3, ECF No. 51.)

Defendants argue that Plaintiffs have been dilatory in asserting these new claims, because Plaintiffs assert in other pleadings that they have been monitoring Defendants' bank accounts and therefore should have been aware of the second CARES Act distribution in Fall of 2020 when Defendants received it. (Mem. in Opp'n 2–3, ECF No. 57.) Further, the Office of Budget and Management announced these distributions to nursing facilities in July 2020, which also should have put Plaintiffs on notice that Defendants would receive these funds even prior to the filing of the original Complaint. (*Id.* at 3.) Plaintiffs did not file a reply; therefore, Defendants' contention that these claims could have been asserted earlier stands unrebutted.

However, delay alone does not justify denial of leave to amend. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *see also Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (reversing the district court's denial of a motion for leave to amend, concluding that, while there was undue delay, the prejudice was so slight that "rejection of the amendment would preclude [the] plaintiff's opportunity to be heard on the merits on facts which [were] well known to the parties and which were pleaded at the outset"); *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 830 (6th Cir. 2015) ("In the context of a motion to amend a complaint, delay alone, . . . without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.") (internal citations omitted). Thus, although Plaintiffs

3

may have been able to assert their claims related to the second CARES Act distribution as far back as seven months ago, some showing of prejudice is required to deny leave to amend under Rule 15(a).

Defendants have not made this showing of prejudice. It is true that Defendants have already expended significant time and effort defending against Plaintiff's existing claims and their motion for preliminary injunction. But given that discovery does not close until July 1, 2021, and dispositive motions are not due until August 2, 2021, Defendants still have time to conduct discovery and file any dispositive motions in relation to these new claims. Further, the parties have not previously requested an extension of the case schedule and, if Defendants find they need additional time for discovery in light of the new claims, the undersigned would be inclined to grant a reasonable extension. Finally, given Plaintiffs' position with regard to the first CARES Act distribution, it seems to have been reasonably foreseeable on Defendants' part that Plaintiffs would seek to assert claims arising out of the second CARES Act distribution, which also weighs against a finding of prejudice. *See WEL Companies, Inc. v. Haldex Brake Prod. Corp.*, 467 F. Supp. 3d 545, 554 (S.D. Ohio 2020) (finding "no significant prejudice" to Defendants when they were aware of possibility of the amendment); *Moore*, 790 F.2d at 562 (noting only "slight prejudice" when facts underlying the amendment were "well known to the parties and [ ] were pleaded at the outset").

Defendants further contend that Plaintiffs' amendments are asserted in bad faith because they are "now trying to the change their case theory and raise a claim that existed the day they filed this lawsuit." (Mem. in Opp'n 10–11, ECF No. 57.) They further rely on case law finding bad faith based on a plaintiff's "repeated failure to cure deficiencies by previous amendment." *Id.* (citing *Tolliver v. Noble*, No. 2:16-CV-1020, 2020 WL 7416945, at *1 (S.D. Ohio Dec. 18,

4

2020), *report and recommendation adopted*, 2021 WL 210450 (S.D. Ohio Jan. 21, 2021).  But as Plaintiffs propose to amend their pleadings for only the second time, they cannot have failed "repeatedly" to cure deficiencies in prior amendments.  Absent other demonstration of bad faith by Defendants, the undersigned does not find that Plaintiffs seek to file the Second Amended Complaint in bad faith.

Finally, Defendants argue that Plaintiffs' proposed amendment is futile.  Because "denying a motion for leave to amend on grounds that the proposed [amended pleading] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend their complaint with the understanding that Defendants are free to challenge the Second Amended Complaint through a motion to dismiss.  *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV. DISPOSITION

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File Second Verified Amended Complaint (ECF No. 51) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiffs' Second Amended Complaint, attached to its Motion as Exhibit A (ECF Nos. 51-1 and 51-2).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE